429 A.2d 24

Michael GIANNINI, Sr., Linda Giannini, and David and Michael Giannini, Jr., Appellants

v.

James CARDEN,

**and**

Michael Giannini, Sr.

Superior Court of Pennsylvania.

Argued Jan. 5, 1981.

Filed April 24, 1981.

Joseph Mellace, Philadelphia, for appellants.

Charles W. Craven, Philadelphia, for Carden.

E. J. McKechnie, Jr., Philadelphia, for Giannini, Sr.

452

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal, it is contended that the trial court erred when it entered a pre-trial summary judgment on the grounds that appellants' personal injury claims did not fall within any exception to the No-Fault Motor Vehicle Insurance Act's abolishment of tort liability. We disagree and affirm the judgment entered by the trial court.

Michael Giannini, Sr. and Linda Giannini commenced an action in trespass on behalf of themselves and their minor children to recover damages from James Carden for personal injuries sustained in a motor vehicle accident occurring in February, 1977. Pre-trial depositions, taken on October 26, 1978, disclosed that appellants' son, Michael Giannini, Jr., had sustained a bump on the head which allegedly caused headaches for an indeterminate period of time. His medical care included emergency hospital care, which cost $53.50, and approximately twelve office visits to a physician at a cost of $12.00 per visit. The depositions also disclosed that the other child, David Giannini, had recovered from minor injuries after incurring expenses of $25.00 for emergency hospital care and $72.00 for approximately six office visits to a physician.

On April 17, 1979, Carden filed a set of requests for admissions which asked the Gianninis to admit that the children had not been examined by a physician after October 1, 1978, that they had not been prevented by their injuries from engaging in their usual and daily activities for a period of sixty days, and that the totals of the medical expenses incurred on their behalf did not in the case of either child exceed $750.00. Giannini filed no answers to Carden's request for admissions.

On the basis of this record, Carden filed a motion for summary judgment with respect to those counts of the complaint which alleged causes of action in trespass for injuries sustained by the children. The Gianninis filed an answer denying that Carden was entitled to a summary

judgment. Their answer was not accompanied by affidavits or factual averments demonstrating that the No-Fault threshold had been met or that a trespass action could otherwise be maintained for such injuries. The trial court, therefore, granted Carden's motion and dismissed the claims filed on behalf of the minor children.[1]

The Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, in section 301[2] abolishes tort liability with respect to injury arising out of the maintenance or use of a motor vehicle except if the accident results in:

"(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services . . . incurred in the diagnosis, care and recovery of the victim . . . is in excess of seven hundred fifty dollars ($750.00) . . .; or

(C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or

(D) injury which in whole or part consists of cosmetic disfigurement which is permanent, irreparable and severe."

If the children's claims do not fall within one or more of these exceptions, the tort actions brought on their behalf cannot be sustained.

■ A summary judgment, of course, may be granted only in a clear case. In *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977), this Court said: "Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment is to be rendered only if 'the pleadings,

---

1. There was no request for summary judgment with respect to the claims of Michael Giannini, Sr. and Linda Giannini, and those claims remain alive and undetermined.

2. 40 P.S. § 1009.301(a)(5).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968); *Kent v. Miller*, 222 Pa.Super. 390, 294 A.2d 821 (1972)." Moreover, a summary judgment should be granted only where the case is clear and free from doubt. *McFadden v. American Oil Co.*, 215 Pa.Super. 44, 257 A.2d 283 (1969).

■ In the instant case, appellants rely upon the general averments in the complaint which allege that the children sustained undiagnosed injuries which "are or may be serious, severe and permanent" as a result of which they will be obliged to incur expenses "the cost of reasonable value of which is or may be in excess of the sum of $750.00," and which may cause them to be "prevented from attending to . . . usual activities, duties and occupation." These averments of the complaint, in the absence of supporting affidavits, are insufficient to raise a genuine issue of fact.

Rule 1035(d) provides, in part: ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

This rule, as the Supreme Court observed in *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973), specifically prohibits a plaintiff from relying on the allegations in the complaint. "Supporting affidavits, after a motion for summary judgment, are acceptable as proof of facts. Pleadings are not. . . . In considering a motion for summary judgment

under Rule 1035, a court may rely on the pleadings for uncontroverted facts but must ignore the pleadings as to controverted facts." Id., 451 Pa. at 150, 303 A.2d at 829.

■ By failing to answer appellee's request for admissions, appellants admitted that Michael, Jr. and David had not sustained serious permanent injury, had not been disabled for more than sixty consecutive days, and that they, as parents, had not incurred expenses in excess of $750.00 on behalf of either child. See: Pa.R.C.P. No. 4014(b). These admissions are confirmed by facts recited during the taking of depositions. Under these circumstances, appellants could not rely upon the general, boilerplate allegations in the complaint to prevent the entry of summary judgment.

■ Appellants argue, however, that the children's injuries may require additional medical treatment and that these expenses may exceed $750.00 by the time the case is ready for trial. Such an argument would be more persuasive if appellants had replied to appellee's request for admissions or had filed affidavits providing medical support for such an argument. The record presently discloses that medical treatment for the children has been terminated and that there is no reason to believe that future treatment will be required. To hold that a summary judgment cannot be entered in such a case because of a highly speculative and medically unsupported possibility of future aggravation and/or treatment would defeat Rule 1035's purpose of expediting trial. It would render summary judgment motions wholly ineffective to enforce the provisions of the No-Fault Law which abolished tort liability. It would require trials in almost all cases.

Appellants also rely on those lower court opinions which have refused to require that an initial pleading aver facts demonstrating that the threshold for a common law tort action has been met.[3] These decisions, however, do not suggest the unavailability of summary judgment proceed-

3. See: *O'Sullivan v. Ruszecki*, 2 Pa.D. & C.3d 276 (C.P. Allegheny 1977); *Mabey v. Michkins*, 1 P.C.R. 355 (1978).

456

ings where the threshold has not been met prior to trial. On the contrary, they demonstrate that pre-trial summary judgment motions are the last and perhaps the only viable means for preventing invalid claims from going to trial.

In the instant case, pre-trial discovery and appellants' failure to file supporting affidavits disclose beyond peradventure of a doubt that the personal injury claims of Michael Giannini, Jr. and David Giannini are not now and will not in the future become enforceable by an action for tort. Such actions are prohibited by the No-Fault Motor Vehicle Insurance Act. Therefore, the learned trial judge properly dismissed the claims. The order is affirmed.