450 A.2d 718

**William H. BARBER**

v.

**HARLEYSVILLE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Sept. 10, 1982.

Brian P. Sullivan, Norristown, for appellant.

Robert M. John, Hatboro, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This case presents the issue of whether or not an insurer (Appellant) must defend the insured (Appellee) against a counterclaim in a suit filed by Appellee to collect an unpaid debt from Appellee's customer.

Appellee was covered by Appellant's insurance policy which contained the following defense clause:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Because Appellee, a contractor, was unable to collect the balance on his customer's account, he filed a suit before the American Arbitration Association (A.A.A.), according to the compulsory arbitration terms of the construction contract. The customer, in response, filed an answer and a counterclaim against Appellee. The answer alleged, first, that the customer's property had been damaged in an amount of approximately $27,000.00, and, second, that the damage was the direct result of Appellee's negligence and of his failure to provide adequate protection to prevent the damage. The counterclaim demanded damages of $30,000.00, plus interest, because Appellee "breached the agreement by failing to perform, or improperly performing, certain work specified in the agreement."

When Appellant refused to represent Appellee before the A.A.A., Appellee filed a suit in equity which requested the court to direct Appellant to defend Appellee against the counterclaim. After the pleadings had been closed, Appellee moved for summary judgment, which the court granted. This is an appeal from the order granting summary judgment for Appellee.

■ Before we proceed to consider Appellant's arguments, we must articulate some of the principles by which we must be guided in reviewing an appeal from an order granting summary judgment. First, a summary judgment should be granted only if the case is clear and free from doubt. *Giannini v. Carden,* 286 Pa.Super.Ct. 450, 453, 429 A.2d 24, 26 (1981) (citing *McFadden v. American Oil Co.,* 215 Pa.Super.Ct. 44, 257 A.2d 283 [1969]). The moving party has the burden of proving that "no genuine issue of material fact exists." *Giannini v. Carden,* 286 Pa.Super.Ct. at 454, 429 A.2d at 26.

Appellant argues, first, that the counterclaim is not covered by the above-cited defense clause because the counterclaim is based upon a breach of a contract for performance, and the defense clause does not cover claims in assumpsit. Appellant's second argument is that it is not clear that the counterclaim refers to property damage; but, even if it does, the property damage must have been caused by an "occurrence." The policy defines "occurrence" as:

an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured.*

As we consider Appellant's first argument, we note that the counterclaim alleges that Appellee breached the agreement with the customer by "improperly performing" the work. This language certainly suggests that Appellee's negligence is an issue in the counterclaim despite the phrase, "breached the agreement." The case may develop so that Appellee's negligence is the issue to be tried. Our supreme court has stated, "[w]hen ... *the complaint comprehends an injury which may be within the policy, we hold that the promise to defend includes it."* *Cadwallader v. New Amsterdam Casualty Company,* 396 Pa. 582, 590, 152 A.2d 484, 488 (1959).

■ This leads us to Appellant's second argument. Since negligence frequently involves an accident, the occurrence of which was neither expected nor intended by the actor,

Appellee's negligence would be an "occurrence" under the definition cited above. Appellee's failure to perform and/or his improper performance could easily have been both accidental and neither intended nor expected by Appellee. Since the counterclaim clearly states that the damages directly resulted from Appellee's allegedly improper performance concerning certain modifications to a loading dock, we have no doubt that the counterclaim involves property damage.[1] Because the property damage resulted from Appellee's alleged failure to perform or improper performance, the claim could easily involve an accident that Appellee neither expected nor intended to have occurred. Since the counterclaim *"may be within the policy"* in the instant case, Appellant must defend the counterclaim in light of *Cadwallader.* Thus the summary judgment was properly granted for Appellee.

For the foregoing reasons, the order of April 27, 1981, is affirmed.

---

1. The answer explicitly states, "respondents suffered extensive damage to tangible, personal property . . . ." In light of the foregoing allegation, we would make a mockery of the law to hold that because the counterclaim does not employ the phrase, "property damage," the defense clause does not cover the counterclaim.