462 A.2d 253

**WILLIAM J. HECK BUILDERS, INC.**

v.

**Sheilamarie MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1983.

Filed June 24, 1983.

Lawrence D. MacDonald, Wilkes-Barre, for appellant.
John Charles Mascelli, Scranton, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this assumpsit action to recover a final installment of $9,000 allegedly due under a contract for the construction of a vacation home in Pike County, the plaintiff made an oral motion for summary judgment during a bench trial. The court, without hearing defendant's evidence, made findings of fact and entered "summary judgment" in favor of the plaintiff. The defendant, who contended that plaintiff's work was incomplete and defective, appealed the judgment to this Court. We reverse.

The complaint filed by William J. Heck Builders, Inc., appellee, contained averments that Sheilamarie Martin, appellant, was indebted to appellee for the final installment on a building contract and for unpaid extras in the amount of $307.50. Martin filed an answer admitting that she had withheld $9,000 but asserting that appellee had not completed the dwelling. Under the heading of "counterclaim" she referred to a separate action which she had commenced for defective workmanship and requested that her action for defective performance be consolidated with the action commenced by appellee. Without a prior order allowing consolidation, appellee's action for the final installment went to trial. At the conclusion of appellee's case, the court entertained an oral motion by appellee for summary judgment in its favor. After hearing argument, but without receiving appellant's evidence, the court granted appellee's motion and entered summary judgment. The court did so because it deemed the general averments of appellant's answer insufficient to constitute a denial that moneys were owed.

■ Pa.R.C.P. 1035(a) permits a party to move for summary judgment "after the pleadings are closed, but within such time as not to delay trial." The function of a summary judgment is to avoid a useless trial. See: *Rose v. Food Fair Stores, Inc.*, 437 Pa. 117, 120, 262 A.2d 851, 853 (1970); Goodrich-Amram 2d, § 1035:1. After trial has commenced, a motion for summary judgment is no longer appropriate. See and compare: *Ruhe v. Kroger Company*, 425 Pa. 213, 228 A.2d 750 (1967). Where, as here, the trial was without jury, the proceedings should have followed that prescribed by Pa.R.C.P. 1038.[1]

---

1. Pa.R.C.P. 1038 provides, inter alia:

"(a) Except as otherwise provided in this rule, the trial of an action in assumpsit, by a judge sitting without a jury, shall be conducted as nearly as may be as a trial by jury is conducted and the parties shall have like rights and privileges, including the right to suffer or move for nonsuit.

(b) The decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief. The trial judge may, if he wishes, include as part of the decision

Moreover, summary judgment may be entered only in the clearest of cases where there is no doubt as to the absence of a triable issue of fact. *Barber v. Harleysville Mutual Insurance Company,* 304 Pa.Super. 355, 358, 450 A.2d 718, 719 (1982); *Staino v. Johns-Manville Corporation,* 304 Pa.Super. 280, 285, 450 A.2d 681, 685 (1982); *Harvey v. Hansen,* 299 Pa.Super. 474, 478, 445 A.2d 1228, 1229–1230 (1982); *Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County and Municipal Employees, AFL–CIO,* 292 Pa.Super. 238, 242, 437 A.2d 23, 25 (1981); *Cercone v. Cercone,* 254 Pa.Super. 381, 386, 386 A.2d 1, 3 (1978). The moving party has the burden of demonstrating that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law. *Barber v. Harleysville Mutual Insurance Company, supra,* 304 Pa.Superior at 358, 450 A.2d at 719; *Harvey v. Hansen, supra,* 299 Pa.Superior Ct. at 478, 445 A.2d at 1230; *Dippold v. Amherst Insurance Company,* 290 Pa.Super. 206, 208, 434 A.2d 203, 204 (1981); *Giannini v. Carden,* 286 Pa.Super. 450, 454, 429 A.2d 24, 26 (1981); *Tom Morello Construction Company, Inc. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980) allocatur denied December 31, 1980; *Cercone v. Cercone, supra,* 254 Pa.Superior at 385–386, 386 A.2d at 3. In determining a motion for summary judgment the court must view the record in a light most favorable to the non-moving party. *Staino v. Johns-Manville Corporation, supra,* 304 Pa.Superior at 285, 450 A.2d at 685; *Harvey v. Hansen, supra,* 299 Pa.Superior at 478, 445 A.2d at 1230; *Dippold v. Amherst Insurance Company, supra,*

specific findings of fact and conclusions of law with appropriate discussion.

(c) The decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing. The trial judge shall render his decision within seven (7) days after the conclusion of the trial except in protracted cases or cases of extraordinary complexity.
. . ."

290 Pa.Superior at 208, 434 A.2d at 204; *Giannini v. Carden, supra,* 286 Pa.Superior at 454, 429 A.2d at 26; *Cercone v. Cercone, supra,* 254 Pa.Superior at 386, 386 A.2d at 3.

■ In the instant case, the trial court entered summary judgment for the plaintiff-appellee because the court deemed defendant-appellant's answer insufficient to deny the averments of the complaint. The answer, as we have observed, admitted that moneys had been withheld but alleged that the dwelling had not been completed satisfactorily. The averments of the answer, as appellee contends, were general. However, Pa.R.C.P. 1019(g) permits a party to incorporate by reference "any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county." The answer in the instant case had been filed pro se and in some respects failed to comply with Pa.R.C.P. 1029(a).[2] Nevertheless, the intent of the answer was clear. It contained a reference to and an incorporation of the allegations of fact contained in the separate complaint filed by Ms. Martin against Heck Builders for defective workmanship. In effect, her answer admitted that $9,000 had not been paid to the builder, contained a general averment of defective performance, and incorporated by reference the specific averments of a pleading on file in the office of the prothonotary in a separate action between the same parties. This answer was sufficient to demonstrate the existence of a material issue requiring resolution by the trier of the facts. Under these circumstances, the trial court could not properly enter a summary judgment at the conclusion of the plaintiff-appellee's case. Appellant was entitled to be heard on the issue of whether appellant had fully performed the contract by constructing the home in a workmanlike manner.

2. Admissions and denials did not refer specifically to the paragraph in which the averment admitted or denied was set forth.

The judgment is reversed and set aside, and the case is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.