624 A.2d 122

Robin E. HILLWORTH, Appellant,

v.

Daniel A. SMITH and Harry J. Smith.

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed March 16, 1993.

Reargument Denied May 20, 1993.

18

Stephen H. Price, Wyomissing, for appellant.

Bradley D. Miller, Reading, for appellees.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order dated April 13, 1992, granting appellee Daniel A. Smith's motion for summary judgment. Appellant, Robin E. Hillworth, presents one issue for our review.

> Did the [appellee] demonstrate by the pleading, depositions, answers to interrogatories, affidavits, or admissions of record that no genuine issue of material fact existed so as to entitle him to summary judgment as a matter of law which judgment would result in dismissal of [appellant's] complaint which sought to recover the amount of underinsured motorist protection afforded to [appellant] by her insurance carrier?

Appellant's brief at 2. For the following reasons, we reverse and remand.

On July 16, 1986, appellant, a passenger in a truck driven by appellee, was rendered a paraplegic as a result of a single motor vehicle accident. Subsequent to the accident, appellant instituted an action against appellee and his father, the owner

of the truck [hereinafter "first action"]. Prior to filing a complaint in the first action, appellant entered into a release and settlement agreement with appellee's insurer, Brotherly Aid Liability Plan for the Lancaster Mennonite Conference [hereinafter "Brotherly Aid"].

The release settlement agreement provided that Brotherly Aid was to pay appellant $250,000 in consideration for appellant releasing appellee and Brotherly Aid from all causes of action and claims except those set forth in the release and settlement agreement. Specifically, appellant was permitted to maintain an action against appellee as follows:

[Appellant] expressly states that by executing this release, she does not waive any of the rights of Donegal Mutual Insurance Company to proceed against [appellee]. Further, [appellant] may bring suit against [appellee] for the benefit of Donegal Mutual Insurance Company in an effort to protect the rights of the Donegal Mutual Insurance Company only to the extent of its underinsured motorist coverage payment of $100,000.00.

Notwithstanding the foregoing provisions, it is agreed between the parties hereto that the injured person's damages are hereby reduced to the exten[t] of the amount of the consideration paid for in this release and that other than the interest of Donegal of $100,000.00 underinsured motorist coverage, no further liability for damages is owed by the [appellee] to the [appellant].

Release Settlement agreement, September 18, 1987.

The $100,000.00 mentioned in the release settlement agreement represents the policy limits of underinsured motorist coverage which, appellant's insurer, Donegal Mutual Insurance Company [hereinafter "Donegal"], paid to appellant. This amount was in addition to the $250,000 appellant received from Brotherly Aid in consideration for the release settlement.[1]

---

1. The Brotherly Aid liability policy for appellee had a policy limit of $300,000.00. The settlement with Brotherly Aid during the first action included $250,000 to appellant and $50,000 shared by other claimants from the accident.

On September 29, 1987, one day after the Release and Settlement agreement was signed, appellant's attorney marked the first action docket "settled, discontinued, and ended, all costs paid by the defendants." Appellant commenced the present action against appellee and his father, Harry J. Smith, in July 1988. Appellant's complaint sought compensatory damages and punitive damages in excess of $500,000 against appellee.[2]

Appellee filed a motion for summary judgment, which the lower court granted. The lower court held that appellant's complaint did not come within the narrow exception permitted by the release. This timely appeal followed.

Our standard of review of a motion for a summary judgment motion is as follows:

> The legal standards which govern our review of a grant of a motion for summary judgment are well-settled. Under Pa.R.C.P. 1035(b), summary judgment is properly granted only 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issued as to any material fact and that he moving party is entitled to judgment as a matter of law.' *Id.* In considering a motion for summary judgment, a court must examine the entire record in the light most favorable to the non-moving party. (citations omitted). The party moving for summary judgment has the burden of proof.
>
> *Barber v. Harleysville Mutual Insurance Co.*, 304 Pa.Super. 355, 450 A.2d 718 (1982).

*Holmes v. Lado*, 412 Pa.Super. 218, 223–224, 602 A.2d 1389, 1391, (1982), *appeal denied*, 530 Pa. 660, 609 A.2d 168 (1992).

Appellant first argues that although Donegal, the subrogated insurer, was not a named party in the present action, the lower court erred in holding that appellant's complaint was precluded by the release settlement agreement. Specifically,

---

**2.** Appellee's complaint also sought damages from Harry J. Smith, the owner of the truck. On January 30, 1992, however, the lower court granted summary judgment in his favor. Appellant has not pursued an appeal of that ruling.

appellant argues that pursuant to Pennsylvania Rules of Civil Procedure, the insured may institute a cause of action on behalf of the insurer in the name of the insured. Thus, appellant concludes that the lower court erred in finding that the present action was not pursued for the benefit of the insurer and thereby outside the terms of the release. We agree.

In granting appellee's motion for summary judgment, the lower court held that:

> [Appellant's] complaint clearly does not state a cause of action within the narrow exception permitted by the release. It is a complaint by and for the [appellant] seeking to recover damages for any and all losses sustained by [appellant] as a result of the accident of July 16, 1986. Nowhere in [appellant's] pleadings is it alleged that [appellant] has brought the action for the benefit of Donegal Mutual Insurance Company to recover payments made under Donegal's underinsured motorist policy.

Trial Court Opinion, May 27, 1992 at 4.

Appellant, however, was not obliged to prosecute the instant action in the name of the subrogee insurer, Donegal.[3] Pa. R.Civ.P. Rule 2002 states that:

> (a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the nature of the real party in interest, without distinction between contracts under seal and plural contracts.
>
> .    .    .    .    .
>
> (d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest.

**3.** Donegal's right to subrogation is unequivocal. "Once the insurer has paid a claim to the insured, it may then stand in the shoes of the insured and assert the insured's rights against the tortfeasor. The right to stand in the insured's shoes and to collect from the tortfeasor once it has paid the insured an amount representing the tortfeasor's debt is called the insurer's right to subrogation." *Daley–Sand v. West American Insurance Company*, 387 Pa.Super. 630, 564 A.2d 965 (1989). As Donegal has paid an underinsured motorist claim in the amount of $100,000 to appellant, pursuant to the release settlement agreement, Donegal has a right of subrogation against appellee.

*Id.* Section (d) of Rule 2002 was enacted to avoid the prejudicial effect to both the insured and insurer which may result from disclosing the insurer's interest in the claim. *See* Goodrich–Amram 2nd § 2002(d):1. Thus, it is clear that in the instant action, appellant was permitted to proceed in her own name under Rule 2002(d) without joining the subrogated insurer for whose benefit the action was brought. *Rohm & Haas Co. v. Lessner,* 168 Pa.Super. 242, 77 A.2d 675 (1951); *see also Paxton National Insurance Company v. Brickajlik,* 513 Pa. 627, 631, 522 A.2d 531, 532 (1987) ("[W]e have long recognized the right of the subrogee to sue in either his own name or the name of the subrogor to recover monies paid.") (citation omitted). Furthermore, when suit is commenced in the name of the insured alone, the cause of action will be pleaded as though there were no subrogation. The pleading will contain only the statement of the cause of action against the defendant and the damages claimed. There will be no reference to insurance, to payments made thereunder, or to subrogation. *See* Goodrich–Amram 2nd § 2002(d):2. Thus, appellant properly proceeded in the instant action under her own name and the absence of the subrogee's name and interest was immaterial.

The lower court further held that appellant's claims for punitive damages and damages in excess of $500,000 exceeded the narrow exception of the release. We disagree.

The release settlement agreement does not restrict the causes of action appellant is permitted to maintain against appellee. The release settlement agreement merely limits the amount of damages appellant may be awarded to $100,000.00, the amount of underinsured motorist benefits she received from Donegal. Therefore, whether appellant claims compensatory or punitive damages, or, as in the present case, both, is irrelevant. Appellant may proceed under any viable cause of action against appellee to recover the award to which she is entitled to under the release settlement agreement. Moreover, appellant is not prohibited from pleading damages in excess of $100,000.00.

In the case at bar, we find it would prejudice appellant to place a cap upon the amount of damages she can plead. Instead, we are in agreement with appellant that she may proceed under any viable theory of recovery against appellee for any amount subject to molding by the court to reduce a judgment over $350,000.00. Thus, we instruct the lower court to limit a judgment rendered in appellant's favor to $350,-000.00. Appellee, moreover, is entitled to a credit for $250,-000.00, the amount already paid by his own insurance carrier to appellant. Therefore, appellant's recovery, for the benefit of Donegal, to the extent the judgment exceeds $250,000.00, will be limited to $100,000.00. *See, e.g., Gallop v. Rose*, 420 Pa.Super. 388, 616 A.2d 1027 (1992) (trial court did not err in molding verdict to reflect insurance company's subrogation rights).

Finally, appellee contends that because the first action, which resulted in the $250,000.00 settlement, was docketed and marked "settled, discontinued and ended" appellant is barred in the case at bar by the doctrine of res judicata. *See, e.g., Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 325, 197 A.2d 44, 46 (1964) ("As between the parties involved, the settlement and discontinuance had the same effect as the entry of a judgment for the defendant in the proceedings."). This argument, however, is meritless.

If the release settlement agreement in the present case was a general release, then appellant's present action would be barred. However, because the release expressly permitted a subsequent action against appellant for the benefit of appellant's insurer, the first action was not conclusive. *Sustrik* does not stand for the proposition that the discontinuance itself gives rise to res judicata. Rather, the terms of the release settlement agreement determines the effect of the discontinuance. Thus, in accordance with the release settlement agreement, appellant is permitted to proceed against appellee for the benefit of Donegal. For the foregoing reasons, we reverse the lower court's summary judgment order and remand for proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction relinquished.