**Dr. Gerald F. GREEN**

v.

**DAIMLER BENZ, AG, and/or Mercedes Benz, AG, and Mercedes Benz of North America, and Cherry Hill Motors, Inc.**

**Civ. A. No. 94-4337.**

United States District Court,
E.D. Pennsylvania.

Sept. 9, 1994.

Francis D. Mackin, Harad, Greenberg & Love, Philadelphia, PA, for plaintiff.

---

R. Mark Armbrust, Miller, Dunham, Doering & Munson, Philadelphia, PA, for defendants.

## MEMORANDUM

DALZELL, District Judge.

Plaintiff Gerald F. Green commenced this suit in the Court of Common Pleas for Philadelphia County in 1992. Dr. Green alleges that he owned a Mercedes–Benz automobile (the "Mercedes") with a vehicle identification number of WDBCA45E7KA453145, and that he became stuck in a snow bank on or about December 28, 1990, whereupon the car allegedly caught fire because of a defect that was the product of defendants' alleged negligence and recklessness. Dr. Green sues the manufacturer, wholesaler, and retailer of the Mercedes for the $62,556.50 in property damage to it. Defendants duly removed the action to this Court on or about July 15, 1994.[1]

Defendants have moved for summary judgment, claiming that Dr. Green has no property interest in the Mercedes and is therefore not the real party in interest in this action. They have annexed copies of three documents to their motion: (1) an Application for Pennsylvania Vehicle Registration, dated September 30, 1990, which shows the owner of the Mercedes to be "Infants Children & Youth Ltd"[2] ("IC & Y"); (2) a Certificate of Title dated April 4, 1989, which also shows the owner of the Mercedes to be "Infants Children & Youth Ltd"; and (3) a Certificate of Title dated May 21, 1991, to be "Metropolitan Insurance Co" ("Metropolitan").[3] The first document is signed by "Gerald Green" as "President", presumably of IC & Y. Dr. Green does not contest the authenticity or accuracy of any of these documents and twice admits that "[t]he real party in interest in

this action is Metropolitan". *See Plaintiff, Dr. Gerald F. Green's Response to Defendants' Motion for Summary Judgment,* unnumbered document at second page.

Dr. Green's counsel explains that he named Dr. Green as plaintiff because IC & Y purchased the Mercedes, which Dr. Green used as President of the company. Dr. Green insured the Mercedes in his own name with a policy from Metropolitan. When the Mercedes was destroyed in the fire that gave rise to this suit, Metropolitan paid the insurance proceeds to Dr. Green, less Dr. Green's deductible of $1,000. After Metropolitan paid Dr. Green, it held the subrogation interest in the automobile. Counsel for Metropolitan then brought suit in Dr. Green's name in the Court of Common Pleas.

Dr. Green argues that we should permit the substitution of Metropolitan for him pursuant to Federal Rule of Civil Procedure 17. Defendants have contested plaintiff's suggestion in their reply brief. For the reasons stated below, we shall allow Metropolitan to substitute for Dr. Green in this action, and we shall deny defendants' motion for summary judgment.

## I. *Applicability of Rule 17*

■ Dr. Green's predicament arises because federal and state law diverge on the very issue before us. Federal Rule of Civil Procedure 17(a) states: "Every action shall be prosecuted in the name of the real party in interest." An insurer that pays a claim and thereby receives a subrogation interest becomes the real party in interest. *United States v. Aetna Cas. and Ins. Co.,* 338 U.S. 366, 379–81, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949); *see United States Coal Cos. v. Powell Constr. Co.,* 839 F.2d 958, 960 (3d Cir.1988). Dr. Green argues that he received $62,556.50 in insurance proceeds from Metropolitan for the damage to the Mercedes, and concedes

---

1. It appears that Dr. Green filed a writ of summons in the Court of Common Pleas on the last day before the statute of limitations expired. *See* Defendants' *Reply Brief in Support of Defendants' Motion for Summary Judgment* at 2. Dr. Green did not file the complaint until June 23, 1994, however. Defendants then duly removed the action to this Court within the thirty-day limit of 28 U.S.C. § 1446(b). Plaintiff's apparent contentment with the pace of his case in state court suggests that he is not animated by the philosophy of the Civil Justice Reform Act of 1990, Pub.L. No. 101–650, § 102, 104 Stat. 5089–90.

2. Dr. Green refers to this entity in his brief as "Infants Children & *Youths*, Ltd.". *See Plaintiff, Dr. Gerald F. Green's Response to Defendants' Motion for Summary Judgment,* unnumbered document at first page.

3. Dr. Green informs us that the insurer's full name is the Metropolitan Property and Casualty Insurance Company. *See Plaintiff, Dr. Gerald F. Green's Response to Defendants' Motion for Summary Judgment,* unnumbered document at first page.

that Metropolitan is now the real party in interest because it would receive any amount that Dr. Green may recover in this action.[4] Under the Federal Rules, then, Metropolitan must sue in its own name. *See United Coal,* 839 F.2d at 960.

■ In general, Pennsylvania state practice follows the Federal Rule. Pennsylvania Rule of Civil Procedure 2002 states:

> (a) Except as otherwise provided in clause[ ] ... (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest ...

Pa.R.Civ.P. 2002(a). The rub lies in subsection (d), which states:

> (d) Clause (a) of this rule shall not be mandatory where a subrogee is the real party in interest.

*Id.* As a result of Rule 2002(d), insurance companies who have paid policy claims to an insured may sue in Pennsylvania courts in the name of the insured even if the insured has no interest in the suit. *See, e.g., Beechwoods Flying Serv., Inc. v. Al Hamilton Contracting Corp.,* 504 Pa. 618, 476 A.2d 350, 352 (1984) (noting that the rule "was promulgated in order to avoid prejudicing a subrogated insurer in the eyes of a jury in actions for reimbursement"); *see also* 3 *Standard Pennsylvania Practice* § 14.35 (1994).[5]

Pennsylvania courts thus would not have required Metropolitan to litigate as the plaintiff in a state court action. Since this action began in the Court of Common Pleas, we should not be surprised to find that the "wrong" plaintiff (for purposes of Rule 17) is before us here.

This explanation is muddled, however, because of the curious facts of this case. At the time of the accident IC & Y owned the Mercedes but Dr. Green held the insurance policy in his name. Dr. Green has received the insurance proceeds for damage to a Mercedes that he in fact did not own. IC & Y ceased to have an interest in this action when it transferred ownership of the Mercedes to Metropolitan. We must therefore resolve whether Metropolitan may substitute for Dr. Green in this action.[6]

■ Rule 17 was amended in 1966, and this amendment addresses the issues before us today. The last sentence of Rule 17(a) now states:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

---

4. Dr. Green would appear still to have an interest in the amount of his deductible, or $1,000. His counsel implies that this interest is included in the $62,556.50 in damages alleged in the complaint, *see Memorandum of Law in Support of Plaintiff, Dr. Gerald Green's Response to Defendant's Motion for Summary Judgment,* unnumbered document at first page, and we therefore need not consider Dr. Green's claim separately, thereby avoiding any possible collision of 28 U.S.C. § 1367 with *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). *See, e.g., Garza v. Nat'l Am. Ins. Co.,* 807 F.Supp. 1256 & n. 6 (N.D.La.1992).

5. The Federal Rule and the Pennsylvania Rule address different concerns. The state rule protects an insurer from the potential prejudice that its presence as a plaintiff might cause, but only at the cost of potential confusion and inefficiency. Not only does the threat of a double judgment exist, but the later trial court must also assess the claims asserted in the earlier proceeding. A case such as *Hillworth v. Smith,* 425 Pa.Super. 17,

624 A.2d 122 (1993), illustrates the problems in administering a rule of this kind.

The Federal Rule avoids the problems of the state rule by commanding that the real party in interest prosecute the action. Strict operation of the Federal Rule has its price, too. Filing a suit with a named plaintiff who is not the real party in interest will not toll the statute of limitation for a real party in interest, if not joined. When counsel finally discovers his mistake, the statute of limitations may have passed and may bar an otherwise blameless plaintiff from bringing a meritorious claim. The potential for these harsh results under Rule 17 led to the 1966 amendment of the Rule, which we discuss below.

6. Moreover, we recognize that the Pennsylvania statute of limitations for property damage will bar Metropolitan from bringing suit in its own name if Metropolitan cannot substitute for Dr. Green, 42 Pa.Cons.Stat.Ann. § 5524(3), and thus are reluctant simply to wash our hands of the defective complaint and invite Metropolitan to refile.

Fed.R.Civ.P. 17. This provision, the Advisory Committee noted, "[wa]s added simply in the interest of justice." 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* app. C at 398 (1973) (reprinting the Advisory Committee Notes to the 1966 Amendment). The amendment serves the salutary purpose of "protect[ing] the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Id.* The amendment clearly protects plaintiffs as well, however: it requires the court to add the real party in interest to the action rather than simply dismiss a pleading as defective, and it also allows the added party to survive an expired statute of limitations through a relation-back provision.

With the language of the Rule 17 and its underlying policies in mind, we now turn to defendants' arguments against allowing Dr. Green to take advantage of the Federal Rule.

Defendants assert that too long a time has passed for Dr. Green to benefit from Rule 17. They point out that Dr. Green knew (or should have known) the identity of the real party in interest before he filed suit. Defendants also emphasize that over twenty months have elapsed since Dr. Green commenced the action in state court. Defendants contend that Dr. Green's actual knowledge, coupled with his long delay, should compel a forfeiture of his Rule 17 right.

We disagree, for three reasons. First, as noted above, Pennsylvania law would allow Metropolitan to sue in Dr. Green's name. Metropolitan need not have been a party in the state court, and thus we cannot ascribe its absence after removal here to be a "failure" at all. Second, we are not at all as sure as defendants that the identity of the real party in interest was clear to Metropolitan. It would hardly be unreasonable for Metropolitan to have assumed that the holder of a insurance policy would also hold title to the insured property.[7] In this case, that as-

sumption proved unfounded, but we cannot say it is so unfounded as to rise to unexcusable neglect. Third, the plain language of the rule states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection*" for the ratification by, or joinder or substitution of, the real party in interest. Fed.R.Civ.P. 17(a) (emphasis added). Defendants first objected to the absence of the real party in interest on August 9, 1994, in the form of the present summary judgment motion filed on that date. Dr. Green has promptly responded to this objection by asking this Court for substitution.

The Advisory Committee Notes recognize that certain conduct might require that a court deny a plaintiff the benefit of Rule 17. The Notes state that "[m]odern decisions are inclined to be lenient when an honest mistake has been made.... The provision ... is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." 12 Wright & Miller, *supra,* app. C at 398. Similarly, if counsel names a fictitious plaintiff with the hope of learning the identity of the real party in interest and substituting that party, a court should deny it the benefit of the rule. *See id.* In this case, Metropolitan mistakenly but reasonably assumed that Dr. Green, the policy holder, also held title to the Mercedes. We cannot say that this assumption was so careless, reckless, or misleading as to warrant dismissal.

Defendants also argue that allowing substitution of parties would not serve the policies of Rule 17. They reason that Rule 17 protects defendants from the threat of later lawsuits and from res judicata effects; that Metropolitan cannot sue in its own name because the limitations period has passed; and that therefore this case presents no threat of a later lawsuit. Defendants con-

---

7. We need not be excessively epistemological in deciding whether Dr. Green should or should not have known that the Mercedes was not his. The reality of this case is that *Metropolitan* believed that Dr. Green owned the car and instituted the state action in his name. *See* 6A Charles A.

Wright et al. *Federal Practice and Procedure* § 1546 (2d ed. 1990) ("As a practical matter, of course, the insurance company will control the prosecution of the lawsuit no matter in whose name it is brought.").

clude that dismissal is our only proper course here.

Defendants ignore Rule 17's relation back provision, which states that "ratification, joinder, or substitution *shall* have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R.Civ.P. 17(a) (emphasis added). In *United States Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 960 (3d Cir.1988), our Court of Appeals implied that, as long as the other requirements of Rule 17(a) are met, this mandatory relation-back provision protects the real party in interest from an expired statute of limitations as long as the named plaintiff filed within the limitations period.[8] In *Powell*, the real party in interest served ratification agreements on the defendants. *Id.* at 960. The Third Circuit concluded that "the effect of service of the Rule 17(a) ratification agreements was as if [the insurance companies] had been parties *from the beginning of the action.*" *Id.* (emphasis added). As long as Dr. Green has met the threshold qualifications of Rule 17(a) and is entitled to the benefit of substitution (as we conclude he is), then it becomes irrelevant that the limitations period has passed with respect to Metropolitan.

We conclude that Dr. Green should receive the benefit of Rule 17, and so will allow Metropolitan to substitute itself for him in this action.

II. *Defendants' Summary Judgment Motion*

Since we hold that the real party in interest will now be the plaintiff in this action, defendants' summary judgment motion must be denied as moot.

---

**8.** Defendants concede that Dr. Green commenced suit "[o]n the last day before the statute of limitations expired." *Reply Brief in Support of Defendants' Motion for Summary Judgment* at 2.